IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| VGM FINANCIAL SERVICES,<br><br>    Plaintiff,<br><br>vs.<br><br>VARINDER K. SINGH, M.D., P.C.<br>and VARINDER K. SINGH,<br><br>    Defendants.<br>--------------------------<br>VARINDER K. SINGH, M.D., P.C.<br>and VARINDER K. SINGH,<br><br>    Counter Plaintiffs and<br>    Third Party Plaintiffs,<br><br>vs.<br><br>VGM FINANCIAL SERVICES,<br><br>    Counter Defendant,<br><br>and<br><br>CYNOSURE, INC.,<br><br>    Third Party Defendant. | No. C09-2045<br><br>ORDER REGARDING DISCOVERY |

On the 20th day of April 2010, this matter came on for telephonic hearing on the Motion to Compel Discovery Responses (docket number 35) filed by Defendants Varinder K. Singh, M.D., P.C. and Varinder K. Singh (collectively "Singh") on March 12, 2010; and the Motion for Extension of Time to Respond to Discovery Requests (docket number 37) filed by Plaintiff VGM Financial Services ("VGM") on March 17, 2010. VGM was represented by its attorney, Christopher Wendland. Singh was represented by his

1

attorneys, Kavan Singh Grover and Amy L. Reasner. Third-Party Defendant Cynosure, Inc. was represented by its attorney, Donald B. Redfern.

## *PROCEDURAL HISTORY*

On August 3, 2009, VGM filed a Petition at Law in the Iowa District Court for Black Hawk County, seeking judgment against Singh on a Lease Agreement. The action was removed to the United States District Court for the Northern District of Iowa on August 19, 2009. On August 21, 2009, Singh filed an Answer and Counterclaim. On the same date, Singh filed a Third-Party Complaint against Cynosure.

On November 27, 2009, Singh filed an Amended Third-Party Complaint against Cynosure. On February 12, 2010, Cynosure filed a Motion to Dismiss the amended third-party complaint, claiming lack of personal jurisdiction and improper venue. The motion to dismiss is currently pending before the district court.

Meanwhile, on December 10, 2009, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to initial disclosures by February 1, 2010, a deadline of October 1, 2010 for completion of discovery, and a trial ready date of March 8, 2011. Acting in reliance on those deadlines, Chief Judge Linda R. Reade set the matter for trial on March 21, 2011.

## *DISCOVERY DISPUTE*

On February 2, 2010, Singh served VGM with 153 requests for admissions, 21 interrogatories, and 28 requests for production of documents. While the Court was not provided with a copy of the 153 requests for admissions, a review of the interrogatories and request for production of documents reflects that they are extensive. The Court will not extend this Order by reviewing the requests in detail, but it is fair to say that Singh leaves no stone unturned.

On March 2, 2010, VGM responded to the requests for admission, and requested Singh's consent to an extension of time to answer the interrogatories and respond to the request for production of documents. In an email to Singh's attorney, VGM's attorney stated:

2

> By my calculations, VGM's deadline for response to your interrogatories and request for production is in a couple of days. Due to the time required to investigate and prepare responses to the high number of requests to admit, and in view of the wide ranging requests yet to be addressed in the interrogatories and request for production, VGM will not be able to meet that deadline. However, my client believes that complete responses can be prepared in the next thirty days. Would you be willing to consent to an extension of the response deadline, to April 2, 2010?

See email from Chris Wendland to Kavan Singh Grover, dated March 2, 2010, VGM's Exhibit PR-3 (docket number 39-2 at 14).

Mr. Grover attempted to call Mr. Wendland later that afternoon, but the parties were unable to make connections. On March 4, Grover responded to Wendland's email, stating "[m]y clients are unable to accommodate your request below regarding a discovery extension." *Id.*

VGM's response to the interrogatories and request for production of documents was due on March 8, 2010.[1] On March 9, Singh's attorney emailed VGM's attorney, asking "[h]ave you served responses to our discovery requests?" In a response sent later that evening, VGM's attorney stated:

> As you know, on March 2 I requested a one-month extension of the time to respond to your initial discovery requests. You denied my request for an extension. The reasons underlying the request were real, and they continue to exist. As an indication to you of VGM's commitment to provide responses, my client contact is working on responses during his previously scheduled vacation time this week (his teenage son also had an unscheduled emergency appendectomy earlier this week). My estimate is that the responses are not likely to be ready for delivery until next week. I will get them to you as promptly as I can.

---

[1] *See* FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), 6(d), and 6(a)(3).

*See* email from Chris Wendland to Kavan Singh Grover, dated March 9, 2010, VGM's Exhibit PR-4 (docket number 39-2 at 16).

Three days later, on March 12, Singh filed the instant motion to compel discovery responses. On March 17, VGM filed its motion for extension of time to respond to discovery requests. VGM served its responses to the discovery requests on April 2.

## *DISCUSSION*

In his motion to compel discovery, Singh asks that the Court (1) enter an order requiring VGM to respond to his discovery requests, (2) hold that VGM has waived any objections to the discovery requests, and (3) order VGM to pay Singh's attorney fees associated with the discovery dispute. As noted above, VGM has now responded to Singh's discovery requests. At the time of hearing, Mr. Grover advised the Court that VGM did not assert any objections in responding to the interrogatories or request for production. Accordingly, the only issue remaining for the Court is whether VGM should be required to pay Singh's attorney fees associated with the discovery dispute.

A party seeking discovery may move for an order compelling that discovery if the other party fails to answer an interrogatory or respond to a request for production of documents. FED. R. CIV. P. 37(a)(3)(B). However, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1). *See also* Local Rule 37.a; *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.").

Here, Singh's motion was accompanied by a Declaration of Attorney Kavan Singh Grover, which states, among other things:

> 9. In an attempt to confer in good faith with VGM regarding their failure to serve timely responses to the Interrogatories and Requests for Production of Documents, I emailed counsel for VGM on March 9, 2010 to inquire as to whether responses had been served, as by that date VGM was well past the

> expiration of the time to respond to the February 2, 2010 discovery requests.
>
> 10. Counsel for VGM responded that he had requested an extension of the time to respond but was denied same, and that VGM would perhaps respond at some time in the future, but certainly not respond this week.

*See* Declaration in Support of Motion to Compel Discovery Responses at 3 (docket number 35-2 at 3).

Mr. Grover asserts that his email, which was sent on the day after the discovery responses were due, and the filing of a motion to compel three days later, were motivated by his desire to adhere to Local Rule 37.c, which requires motions to compel to be "filed as soon as practicable." Singh's counsel concedes, however, that in refusing VGM's requested extension, Singh was motivated not by any scheduling concerns, but rather by VGM's earlier refusal to grant Singh an extension of time to answer the petition. At the instant hearing, Mr. Grover advised the Court that "normally I always grant an extension," but he refused in this case in response to VGM's refusal to grant an earlier accommodation.

After receiving VGM's responsive email indicating that "the responses are not likely to be ready for delivery until next week," Singh made no additional effort to contact VGM's counsel in a good faith attempt to resolve or narrow by agreement the issues raised by the motion. That is, Singh's "good faith" attempt to resolve the issue was limited to his email asking "have you served responses to our discovery requests," and receiving VGM's response that "the responses are not likely to be ready for delivery until next week." The Court concludes that this does not meet the good faith requirement of the rules. "An exchange of written communications or a single telephone message will not, by itself, satisfy the requirements" to confer in good faith. *See* Local Rule 37.a.

Since Singh failed to confer in good faith prior to filing his motion to compel, the Court finds that the motion should be denied. *Robinson*, 453 F.3d at 995. Even *if* the motion were granted, however, the Court finds that an award of attorney fees under these

5

circumstances is inappropriate. FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)(A) provides for the award of attorney fees if a motion to compel is granted. However, the rule contains an exception:

> But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

Here, VGM asked for a short extension of time to respond given the broad scope of the discovery requests. Singh did not deny the request based on any legitimate scheduling concerns, or a perceived mandate by the local rules to file the motion to compel "as soon as practicable," but rather in retribution for VGM's earlier refusal to grant an accommodation to Singh. While Singh's reaction in this regard is perhaps understandable, the Court concludes that it does not meet the good faith requirement found in Rule 37. Under these circumstances, the award of attorney fees would be unjust.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Compel Discovery Responses (docket number 35) filed by Singh on March 12, 2010 is hereby **DENIED**.

2. The Motion for Extension of Time to Respond to Discovery Requests (docket number 37) filed by VGM on March 17, 2010 is hereby **DENIED** as moot.

DATED this 20th day of April, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA